## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

CRAIG JOHNSON,

            Plaintiff,

   v.

RANDY ALMSTED, LARRY ALMSTED
and BRIAN ALMSTED,

            Defendants.

_____

Civil No. 11-2100 (DWF/JJG)

**REPORT AND
RECOMMENDATION**

     This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1).  (Docket No. 2.)  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of subject matter jurisdiction.

## I.    BACKGROUND

     Plaintiff commenced this action by filing a complaint seeking relief against three Defendants identified as Randy Almsted, Larry Almsted and Brian Almsted. The complaint is virtually impossible to decipher, because Plaintiff has not provided a clear and comprehensive explanation of the factual and legal bases for his claims.  The substantive allegations of the complaint, repeated verbatim

and in their entirety, are as follows:

> "7.  Randy Almsted brought me to Kenny's apt he got cocaine It was sold out of Larry [sic] house and the house he bought for Randy and his wife Kate.
>
> 8.  Brian took took [sic] me in a car of Kennys to some peoples house we were pulled over by the police Brian had no Drivers Liscense [sic] Randy was used to show a Drivers Liscense [sic] at a later date
>
> 9.  I saw Kenny when I was working in Larrys house he was at the door he came on a bicycle.  Brian would do body work on his car.
>
> 10.  Mark Nelson would distribute the cocaine
>
> 11.  Dave Merick built a false room for Randy
>
> 12.  he used it to grow marijuana
>
> 12.   Randy would sell marijuana for Richard Dopaine The Tempe AZ police wanted to know if Richard did a murder
>
> 13.  Dave showed him how to grow marijuana."

(Complaint, [Docket No. 1], p. 4.)

Plaintiff's "Request for Relief" is as inscrutable as the rest of his complaint. As far as the Court can tell, Plaintiff is seeking a judgment against Larry Almsted for $100.00, and a judgment against Randy Almsted for $800.00.  It is unclear what (if any) relief Plaintiff is seeking from Defendant Brian Almsted.  (See Complaint, [Docket No. 1], p. 4.)

Plaintiff asserts that federal subject matter jurisdiction exists under the "federal question" statute – 28 U.S.C. § 1331.  (See Complaint, [Docket No. 1], p. 3, § 3.)  However, the Court finds that the allegations in Plaintiff's complaint do

not support any claim based on federal law.  The Court will therefore recommend that this case be summarily dismissed for lack of jurisdiction.

## II.   DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case."  Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).  "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte."  Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).  Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  (Emphasis added.)

Plaintiff has submitted his complaint on a form that the Clerk's Office makes available to pro se litigants.  Plaintiff has checked a box on the form which indicates that subject matter jurisdiction purportedly exists under the "federal question" statute – 28 U.S.C. § 1331.  However, Plaintiff has not identified any specific federal statute, or any federal legal theory, on which his claims are based.  The section of the pleading form that solicits such information has been left completely blank.  (Complaint, [Docket No. 1], p. 3, § 4.)  Furthermore, the Court cannot independently discern any possible federal law cause of action that could be based on the allegations set forth in Plaintiff's complaint.  Thus, the Court concludes that federal subject matter jurisdiction cannot exist under 28 U.S.C. § 1331.

It is also evident that subject matter jurisdiction does not exist under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332.  The complaint indicates that jurisdiction purportedly exists only under § 1331, (Complaint, [Docket No. 1], p. 3, § 3), and Plaintiff has plainly alleged that all parties, (Plaintiff himself, and all three Defendants), are residents of Minnesota, (id., pp. 1-2, §§ 1, 2).[1]

Because it is clear that there are no grounds for federal subject matter jurisdiction in this case, Plaintiff's current complaint cannot be entertained in federal court.  The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[2]

## III.   RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

---

[1]  The Court further notes that subject matter jurisdiction cannot be based on the diversity of citizenship statute unless the "amount in controversy" exceeds $75,000.00. In this case, Plaintiff's request for relief does not meet that jurisdictional threshold.

[2]  The Court's recommendation does not necessarily signify that Plaintiff has no actionable claim for relief; it simply means that he cannot pursue his claims in federal court (as opposed to state court).  It is doubtful, however, that Plaintiff's current complaint could survive preliminary review in any court, because he has done such a poor job of describing his claims.  Plaintiff is strongly encouraged to seek legal assistance before attempting to initiate any further legal proceedings in any court.

2.    This action be summarily **DISMISSED** for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).


Dated:   August 8, 2011                    _s/ Jeanne J. Graham_____
                                           JEANNE J. GRAHAM
                                           United States Magistrate Judge


### NOTICE

    Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **August 23, 2011**.  A party may respond to the objections within fourteen (14) days after service thereof.  Any objections or responses shall not exceed 3,500 words.  The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.